Jim Mackie, SBN 013314
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C., SBN 00504800
3430 E. Sunrise Drive, Suite 220
Tucson, AZ 85718
Telephone: 520.544.0300
Fax: 520.544.9675
jim.mackie@ogletreedeakins.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Stone, | No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| JPMorgan Chase Short-Term Disability Plan; JPMorgan Chase & Company; JPMorgan Chase Short-Term Disability Plan Appeals Committee; JPMorgan Chase Disability Management Services, | |
| Defendants. | |

TO:  THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF ARIZONA

Defendants, JPMorgan Chase Short-Term Disability Plan, JPMorgan Chase Bank, N.A. [incorrectly identified as JPMorgan Chase & Company], JPMorgan Chase Short-Term Disability Plan Appeals Committee, and JPMorgan Chase Disability Management Services, by counsel, respectfully notify this Court of the removal of the above-styled cause from the Superior Court of Maricopa County, Arizona, to the United States District

Court for the District of Arizona, pursuant to 28 U.S.C. §1331, §1332, §1367, §1441, and 29 U.S.C. §1132, and say as follows:

I.

This action is being removed to this court based upon the following alternative federal jurisdictional bases: federal question jurisdiction under 28 U.S.C. §1331 and under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereafter "ERISA"); and diversity jurisdiction under 28 U.S.C. §1332.

II.

On or about December 7, 2016, Plaintiff filed in the state court the above-entitled civil action, bearing Case No. CV2016-055000 in that court.

III.

The aforesaid state court action is a suit of a wholly civil nature of which the United States District Court for the District of Arizona has original jurisdiction under 28 U.S.C. §1331, §1332, §1367, and 29 U.S.C. §1132, and is one that may be removed by Defendants pursuant to 28 U.S.C. §1441.

IV.

This Court has federal question jurisdiction over the action because Plaintiff, as a participant and/or alleged beneficiary under an employee welfare benefit plan, seeks recovery of benefits and other relief under said employee welfare benefit plan. The plan is controlled by ERISA:

    a.    At all times relevant hereto, JPMorgan Chase Bank, NA established and/or maintained an employee welfare benefit plan, and Plaintiff alleges that she was covered under said employee welfare benefit plan, and,

2

                 as such, was a participant and beneficiary under said employee welfare benefit plan;

b.    The plan is one established or maintained by an employer as defined by ERISA, 29 U.S.C. §1002(5). That section defines an employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan . . . .";

c.    The comprehensive employee benefit program sponsored by JPMorgan Chase Bank N.A. includes multiple benefit plans and programs established and is maintained for the purpose of providing, among other things, short-term disability benefits for participants in the plan [Exhibit "A" - Declaration of May Yang-Lee, ¶ 3];

d.    The Plan Sponsor has consistently, including all times relevant to Plaintiff's claim, treated the comprehensive program and Short-Term Disability Plan as ERISA plans. Accordingly, the Plan Sponsor files necessary form 5500 reports [Exhibit "A" -Declaration of May Yang-Lee, ¶¶ 6, 7, 8];

e.    The plan was and is therefore an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1);

f.    The plan provides that, "If you voluntarily end your employment during a period of short-term disability leave or if you are terminated due to job elimination, you will continue to receive short-term disability pay for the remainder of the leave duration for which you are eligible under the JPMorgan Chase Short-Term Disability Plan." [Summary Plan Description, p. 22 (Exhibit 1 to May Yang-Lee Declaration] Therefore, the plan is not an exempt payroll practices plan [Exhibit "B" – DOL Advisory Opinion 96-16 A];

g.    Plaintiff's claim is one for recovery of benefits and other relief under said employee welfare benefit plan; and

3

      h.      Pursuant to 29 U.S.C. §1132(e), the district courts of the United States have original jurisdiction over actions brought by participants and beneficiaries to recover benefits or other relief under employee welfare benefit plans.

V.

In addition or alternatively, this Court has diversity jurisdiction over this matter because this is an action between citizens of different states and/or a dispute between a citizen of a state and a citizen or subject of a foreign state and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Among other things, Plaintiff's complaint seeks short-term disability benefits, non-disability employee benefits, treble damages, compensatory damages, as well as attorney's fees. Specifically, Plaintiff seeks monthly long term disability benefits. At the time the complaint was filed, the amount of short-term disability benefits potentially due was approximately $16,854.26. The benefits claimed plus the additional treble damages alleged totals over $67,000. The alleged benefits due, treble damages, and Plaintiff's additional claims for alleged compensatory damages and attorney's fees are estimated to exceed the statutory minimum of $75,000.00. Thus, although Defendants deny that Plaintiff is entitled to any remedy herein, much less the remedy sought in her complaint, the amount sought by Plaintiff in her complaint will put at issue an amount that exceeds the statutory minimum of $75,000.00.

Plaintiff is a citizen of the State of Arizona. JPMorgan Chase Bank, N.A. is a national banking association with its main offices in Columbus, Ohio. It sponsors the JPMorgan Chase Short-Term Disability Plan, which is an employee benefit plan.

4

JPMorgan Chase Disability Management Services is the claims administrator of the JPMorgan Chase Short-term Disability Plan. The JPMorgan Chase Short-Term Disability Plan is administered at JPMorgan Chase Bank N.A.'s offices in New York, Illinois, and Florida. [Declaration of May Yang-Lee, ¶ 9] The JPMorgan Chase Short-Term Disability Appeals Committee is located in Illinois.

VI.

This Court has federal question jurisdiction over this matter under ERISA matter and, to the extent this Court should determine that any of Plaintiff's claims are not preempted by ERISA, this Court would have supplemental jurisdiction over such claims because such claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

VII.

This action is therefore one of which the United States District Court for the District of Arizona has original federal question jurisdiction under 28 U.S.C. §§1331 and 1332, as well as supplemental jurisdiction under 28 U.S.C. §1367, and this action may be removed to this Court by petitioner pursuant to 28 U.S.C. §1441. Maricopa County, Arizona is within the venue of the United States District Court for the District of Arizona.

VIII.

This petition is being filed pursuant to 28 U.S.C. §1446 within thirty (30) days of service of the initial pleading in which a removable claim is asserted, and is removable in that:

5

a. The time for filing this petition under 28 U.S.C. §1446 has not expired;

b. Plaintiff artfully crafted her pleading based wholly upon state law causes of action, claims and/or theories of recovery; and

c. In the companion cases of *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987), and *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987), the United States Supreme Court established that state law claims such as those asserted by Plaintiff herein are preempted by ERISA, in that ERISA, 29 U.S.C. §1132, provides Plaintiff's exclusive cause of action and displaces entirely any state cause of action, thus rendering Plaintiff's case, however pleaded, exclusively a federal question case removable to this Court;

d. The parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs;

e. To the extent any of Plaintiff's claims are governed by state law, this Court has supplemental jurisdiction over such claims.

IX.

Therefore, Defendants file this Notice of Removal of this action from the Superior Court of Maricopa County, Arizona, in which it is now pending, to the United States District Court for the District of Arizona. There are, attached to this notice, marked Exhibit "C" and incorporated by reference, true and correct copies of all process, pleadings, and orders served upon Defendants in this action.

X.

Also attached to this notice, marked as Exhibit "D" and incorporated by reference,

is a true and correct copy of the Notice of Filing Notice of Removal that will be filed (without exhibits) with the Superior Court of Maricopa County, Arizona.

WHEREFORE, Defendants notify this Court of the removal of this action from the Superior Court of Maricopa County, Arizona to this Court.

DATED this 13th day of January, 2017.

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        By: s/ Jim Mackie
        Jim Mackie, SBN 013314
        3430 E. Sunrise Dr., Suite 220
        Tucson, AZ 85718
        Ph.: (520) 544-0300
        Fax: (520) 544-9675
        jim.mackie@ogletreedeakins.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of January, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Scott E. Davis, Esq.
Scott M. Harris, Esq.
Scott E. Davis, P.C.
8360 Raintree Dr., Suite 140
Scottsdale, AZ 85260

By: s/ Carol Essig

7